**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TARA HUBARA,**<br>*Plaintiff,*<br><br>**v.**<br><br>**MCGOWAN, HOOD, FELDER, & PHILLIPS LLC, a/k/a MCGOWAN, GOOD & FELDER, PLLC, et al.,**<br>*Defendants.* | **Civil No. 25-4762** |

# MEMORANDUM

**Costello, J.** **August 17, 2026**

This case arises from legal work Defendants McGowan, Hood, Felder & Phillips LLC ("MHF"), and Chance M. Farr (together, "Defendants") performed on behalf of Plaintiff. Plaintiff is a citizen of North Carolina. In 2020, she brought a sexual assault lawsuit in North Carolina state court (the "underlying lawsuit"). Plaintiff retained the Philadelphia-based law firm Laffey, Bucci, D'Andrea, Reich & Ryan, LLP ("Laffey Bucci") to represent her in the underlying lawsuit. Defendants, residents of South Carolina, served as local counsel.

Plaintiff alleges that Defendants made several legal errors as local counsel and brought a lawsuit against them for malpractice, breach of contract, and breach of fiduciary duty in the Philadelphia Court of Common Pleas. Defendants removed the lawsuit to the Eastern District of Pennsylvania. Defendants now move to dismiss this action for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). As described in greater detail below, the Court lacks general and specific personal jurisdiction over Defendants. The Court will accordingly grant Defendants' motion and dismiss this action without prejudice to refile in an appropriate jurisdiction.

## I. BACKGROUND

MHF is a law firm based in South Carolina and registered to do business in North Carolina. ECF No. 13 ¶ 2. Defendants became involved in the underlying lawsuit when Laffey Bucci contacted them about serving as local counsel; they did not affirmatively reach out to the firm to pitch their involvement. ECF No. 16-3 ¶¶ 10-11. They signed a contract with Laffey Bucci but never entered into a contract with Plaintiff directly. *See* ECF No. 13 ¶ 6 (alleging that Defendants "creat[ed] an agreement with the Pennsylvania firm [Laffey Bucci]"); *id.* ¶ 24 (alleging that Plaintiff entered into fee agreement with Laffey Bucci, but not with Defendants). Defendants served as local counsel for Laffey Bucci for five months. *Id.* ¶¶ 15-31. Defendants conducted all work on the underlying lawsuit in North or South Carolina. ECF No. 16-4 ¶ 2. Defendants have never contracted to perform work in Pennsylvania or engaged in or solicited business transactions in the state. ECF No. 16-3 ¶¶ 7-8; ECF No. 16-4 ¶¶ 4, 6, 9.

Defendants argue that these facts do not create sufficient contacts with Pennsylvania to establish personal jurisdiction. *See* ECF No. 16-2 at 4-9. Plaintiff responds that Defendants created a "substantial connection with the forum state" by virtue of their contract with Laffey Bucci, which is based in Philadelphia. *See* ECF No. 17 at 7-8. Plaintiff calls Pennsylvania the "brain center" of the underlying lawsuit. ECF No. 13 ¶ 6; ECF No. 17 at 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for want of personal jurisdiction. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). The plaintiff can make this showing through "affidavits or other competent evidence." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324,

330 (3d Cir. 2009) (internal citation omitted). When the court does not hold an evidentiary hearing on the motion, the plaintiff "need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97.

In this case, only Defendants submitted evidence concerning jurisdiction in the form of affidavits attesting to their lack of contacts with Pennsylvania. *See* ECF Nos. 16-3, 16-4. Plaintiff opposed the motion but did not counter Defendants' affidavits with their own evidence. *See generally* ECF No. 17. Thus, in evaluating Defendants' motion, the Court will consider Defendants' affidavits and the well-pleaded facts in Plaintiff's complaint.

## III. DISCUSSION

"Under [Fed. R. Civ. P.] 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute, 42 Pa. C.S.A. § 5322(b), provides for the exercise of personal jurisdiction to the fullest extent permitted by the Constitution of the United States. *Id.* There are two categories of personal jurisdiction consistent with the Constitution—general and specific. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). The Court lacks both categories of personal jurisdiction over Defendants here.

### A. General Jurisdiction

A federal court may exercise general jurisdiction over a defendant where "the plaintiff's claim[s] arise[] out of that defendant's 'continuous and systematic' contacts with the forum state." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996)). A defendant's contacts with the forum state must be so "continuous and systematic" that it is

"essentially at home" there. *Id.* (quoting *Daimler*, 571 U.S. at 119); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). An individual is "at home" in the forum of their domicile, while a corporation is at home in the states where it is incorporated and its principal place of business is located. *Daimler*, 571 U.S. at 137 (citing *Goodyear*, 564 U.S. at 924). Independent of the at "at home" test, federal courts sitting in Pennsylvania may exercise general jurisdiction over any business that is registered as a foreign corporation with the state under 42 Pa. C.S.A. §§ 5301(a)(2)(i), (b). *Jasinski v. Kia America, Inc.*, No. 25cv1234, 2025 WL 3047883, at *6 (E.D. Pa. Oct. 31, 2025) (citing *Mallory v. Norfolk S. Ry. Co*., 600 U.S. 122, 134-36 (2023)).

The Court plainly lacks general jurisdiction over Defendants because neither is "at home" in Pennsylvania. MHF is a PLLC organized under South Carolina law, maintains a principal place of business in South Carolina, and has not registered as a foreign corporation in Pennsylvania. ECF No. 16-2 at 6-7. Farr is domiciled in South Carolina. ECF No. 16-4 ¶ 3. Thus, the Court must have specific jurisdiction over Defendants for Plaintiff's suit to proceed in this forum.

**B. Specific Jurisdiction**

"Specific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Miller Yacht Sales*, 384 F.3d at 96 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "If these 'purposeful availment' and 'relationship' requirements are met, a court may exercise personal jurisdiction over a defendant so long as the exercise of that jurisdiction 'comport[s] with fair play and substantial justice.'" *Id.* at 97 (quoting *Burger King*, 471 U.S. at 476). The Third Circuit takes a "'realistic approach'" to

the specific personal jurisdiction inquiry, focusing on the facts of the relationship between the parties, forum, and litigation. *Id.* at 100 (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

Plaintiff has failed to demonstrate that the Defendants purposefully directed any of their activities at the forum state. *See id.* The only alleged connection between Defendants and Pennsylvania is the contract Defendants signed to work with Laffey Bucci as local counsel in the underlying lawsuit. ECF No. 13 ¶ 6. The law is clear that a contract alone cannot establish personal jurisdiction over the contracting parties. *Burger King*, 471 U.S. at 478. Rather, courts consider the practical realities of the arrangement, including the "terms of the contract and the parties' actual course of dealing." *Id.* at 479; *see also Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (focusing on "prior negotiations and contemplated future consequence" of contractual relationship for personal jurisdiction analysis) (internal citation omitted).

Plaintiff alleges that Pennsylvania was the "brain center" of the contractual relationship between the firm and Defendants. *See* ECF No. 13 ¶¶ 6, 14, 18. But Plaintiff does not allege any well-pleaded facts supporting that proposition. Plaintiff does not, for example, allege that Defendants travelled to Philadelphia to meet with Laffey Bucci to work on the underlying lawsuit. *See generally id.* Indeed, Defendants conducted all of their work as local counsel in the underlying lawsuit in South and North Carolina. ECF No. 16-4 ¶ 2. "When an out-of-state attorney works on an out-of-state matter for a client who happens to reside in the forum state, the forum contacts are clearly 'fortuitous, random, and attenuated,' such that they are not truly directed toward the forum state." *Baird v. Meyers, Roman, Friedberg & Lewis, Co., LPA*, 700 F.

Supp. 3d 249, 259 (E.D. Pa. 2023) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003)).

Thus, Plaintiff has failed to make a prima facie showing that Defendants purposefully directed any activities in Pennsylvania. *See Miller Yacht Sales*, 384 F.3d at 96. The Court need not reach the remaining elements of the specific personal jurisdiction test.

### C. Leave to Amend

Plaintiff will not be permitted leave to amend the complaint. Plaintiff has already done so three times. *See generally* ECF No. 13 (Third Amended Complaint). If Plaintiff could plead facts to show personal jurisdiction here, she would have already done so in one of her multiple amended complaints or in affidavits in response to Defendants' motion. Any further amendment would therefore be futile and inequitable to Defendants. *See Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025) (courts should freely grant leave to amend unless amendment would be inequitable or futile).

## IV. CONCLUSION

The Court plainly lacks general or specific personal jurisdiction over Defendants. The Court will accordingly dismiss this action without prejudice and without leave to amend. An appropriate Order will follow.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge